# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CIRO PETER SIFUENTES, § | | |
| TDCJ No. 509247, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | SA-17-CA-240-XR |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## DISMISSAL ORDER

Before the Court is *pro se* Petitioner Ciro Sifuentes's petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docket Entry 1). For the reasons set forth below, Sifuentes's federal habeas corpus petition is dismissed with prejudice as barred by the one-year statute of limitations embodied in § 2244(d). Petitioner is also denied a certificate of appealability.

## Background

In February 1989, Petitioner was found guilty of possession of heroin and sentenced to forty years by a Bexar County jury. *State v. Sifuentes*, No. 1988-CR-4944 (226th Dist. Ct., Bexar Cnty., Tex. Feb. 9, 1989). According to Petitioner, he was incarcerated for this offense until September 13, 2005, when he was released from TDCJ custody on parole. As a condition of his release, Petitioner contends certain sex-offender conditions—special conditions M, N, and X—were imposed in August 2005 and again in September 2009. He was later returned to TDCJ custody when the Board of Pardons and Paroles (BPP) voted to revoke his parole on December 22, 2014. Petitioner indicates that he filed a state habeas corpus application challenging his parole revocation on August 4, 2016. This application was denied without

written order by the Texas Court of Criminal Appeals on February 1, 2017. *Ex parte Sifuentes*, No. 86,202-01 (Tex. Crim. App.).

Petitioner placed the instant federal habeas petition in the prison mail system on March 20, 2017. In the § 2254 petition, he challenges the special conditions that were placed on his release to parole in 2005 and 2009, as well as the decision by the BPP to ultimately revoke his parole. He also argues the Texas Court of Criminal Appeals abused its discretion by denying his state habeas corpus petition, which raised the aforementioned claims, without a hearing.[1]

## Timeliness Analysis

"[D]istrict courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Because Petitioner's first claim is challenging the imposition of certain special conditions on his parole, the proper inquiry is to determine when Petitioner could have discovered, through the exercise of due diligence, that he would be subjected to the conditions. In his petition, Petitioner states the conditions were imposed August 1, 2005, he was paroled on September 13,

---

[1] As discussed in the following section, Petitioner's first two allegations are barred by the AEDPA's statute of limitations period. Petitioner's third claim is not barred by the limitations period because it challenges the Texas Court of Criminal Appeals' February 2017 rejection of his claims without holding a hearing. However, the claim fails because infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief. *Wheat v. Johnson*, 238 F.3d 357, 361 (5th Cir. 2001); *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984). Thus, Petitioner's third claim is dismissed with prejudice on the merits.

2005, and the conditions were later imposed again on September 16, 2009. Thus, at the latest, Petitioner could have discovered the factual predicate of his first claim—challenging the imposition of certain special conditions on his parole in 2005—by September 13, 2005, the date he was released on parole and the conditions went into effect. Similarly, Petitioner could have discovered the factual predicate of his related claim—challenging the imposition of certain special conditions on his parole sometime in 2009—at the time these conditions went into effect. As a result, unless it is subject to either statutory or equitable tolling, the limitations period under § 2244(d) for challenging these conditions in a federal habeas petition expired a year later on September 13, 2006, and sometime in 2010, respectively.

With regard to his second claim concerning the BPP's revocation of his parole, the proper inquiry is to determine when Petitioner could have discovered, through the exercise of due diligence, that his parole was revoked. In his petition, Petitioner states he received notice of a parole violation on November 7, 2014, and that his parole was eventually revoked on December 22, 2014. As such, the latest Petitioner could have discovered the factual predicate for the claim would be December 22, 2014, the date his parole was actually revoked. The limitations period under § 2244(d) for raising the second claim in a federal habeas petition therefore expired a year later on December 22, 2015, unless either statutory or equitable tolling applies.

Petitioner does not satisfy any of the statutory tolling provisions found under § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law and prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional

right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D). Although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," it does not toll the limitations period in this case either. As discussed previously, Petitioner's state habeas application was not filed until August 4, 2016, well after the limitations period expired for his claims. Because Petitioner filed his state habeas petition after the time for filing a petition under § 2244(d)(1) has lapsed, the state petition does not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Finally, despite being given the opportunity to establish why his petition should not be dismissed as untimely (Docket Entry 3), Petitioner failed to provide this Court with a valid reason to equitably toll the limitations period in this case. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Here, Petitioner does not assert any extraordinary circumstance prevented him from filing earlier; instead, he incorrectly contends the statute of limitations does not apply to him because

he is challenging the decisions of the BPP and not the constitutionality of his underlying conviction. *See* § 2244(d)(1) (stating the one-year limitations period applies to any person in custody pursuant to the judgment of a State court filing a habeas corpus application). Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling). Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Based on the foregoing reasons, Sifuentes's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. To the extent he challenges the imposition of certain parole conditions and the subsequent revocation of his parole, Petitioner's § 2254 petition is **DISMISSED WITH PREJUDICE** as time-barred;

2. To the extent he challenges alleged infirmities in his state habeas corpus proceedings, Petitioner's § 2254 petition is **DISMISSED WITH PREJUDICE** on the merits;

3. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this 12th day of May, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE